## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-03043** |
| | **Chapter 7** |
| **ROSENDO J. RODRIGUEZ MELENDEZ** | |
| **Debtor(s)** | |
| **ROSENDO J. RODRIGUEZ MELENDEZ** | **Adversary No. 15-00213** |
| **Plaintiff** | |
| **vs.** | |
| **FREDDY OMAR RODRIGUEZ COLLAZO, JULIO E. GIL DE LAMADRID PEREZ, MATILDE DE JESUS RIVERA, and THE CONJUGAL PARTNERSHIP FORMED BY JULIO E GIL DE LAMADRID & MATILDE DE JESUS RIVERA** | |
| **Defendants** | **FILED & ENTERED ON 12/03/2015** |

## OPINION AND ORDER

Before this court is the *Motion to Dismiss* filed by Defendant, Julio E. Gil de Lamadrid ("Defendant") [Dkt. No. 11], *Plaintiff's Motion in Opposition to Co-Defendant's Motion to Dismiss* filed by Rosendo J. Rodriguez Melendez ("Plaintiff") [Dkt. No. 18], *Reply to Plaintiff's Motion in Opposition to Co-Defendant's Motion to Dismiss* filed by Defendant [Dkt. No. 20], *Supplement to Motion to Dismiss* filed by Defendant [Dkt. No. 28], and *Motion in Opposition to*

1

*Docket Nos. 28 and 28-1* filed by Plaintiff [Dkt. No. 30]. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

### I.      Factual Background

The issues pertaining to this adversary proceeding center on the property previously owned by the Plaintiff, and located at Bo. Cerro Gordo, Carr. 830 km ("Property"). On November 20, 2008, Defendant acquired a judgment lien over the property in the amount of $50,000.00 (fifty thousand & 00/100th dollars), and an additional $5,000.00 (five thousand & 00/100th dollars) in attorney's fees, costs, and expenses. On April 15, 2014, Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code.

On May 16, 2014, the Chapter 7 Trustee filed a *Notice of Abandonment of Property: Real and Personal Property* ("Notice of Abandonment") [Lead Case No. 14-03043, Dkt. No. 14] whereby the Trustee abandoned the Property at issue. As evidenced by the lead case's docket, said Notice of Abandonment went unopposed. Thereafter, on September 17, 2014, the Plaintiff was granted a discharge under section 727 of the Bankruptcy Code. [Lead Case No. 14-03043, Dkt. No. 25]. After the Property's abandonment and the entering of the discharge order, Defendant successfully foreclosed on the Property at issue through a state court action. On January 16, 2015, Defendant bought the Property through a judicial sale.

On April 17, 2015, Plaintiff filed an adversary proceeding against all of the defendants in the matter at hand except for Freddy Omar Rodriguez Collazo. [Adversary Proceeding Case No. 15-00105, Dkt. No. 1]. In said case, Plaintiff sought a preliminary injunction and/or temporary restraining order against the defendants from evicting the Plaintiff from the Property, an annulment of the judicial sale, and alleged the violation of the discharge injunction. This Court

denied Plaintiff's request for a temporary restraining order. [Adversary Proceeding Case No. 15-00105, Dkt. No. 3]. Because the Property at issue is no longer the Plaintiff's property, this Court reasoned that Plaintiff failed to demonstrate how immediate and irreparable injury, loss, or damage will result from his eviction from the Defendant's Property. [Adversary Proceeding Case No. 15-00105, Dkt. No. 3]. On July 24, 2015, the adversary proceeding was dismissed in its entirety after Defendant's motion to dismiss went unopposed. [Adversary Proceeding Case No. 15-00105, Dkt. No. 26].

On August 20, 2015, Plaintiff filed the above captioned adversary proceeding. Via his verified complaint, Plaintiff alleges that the previously mentioned judicial sale was a sham. [Dkt. No. 1]. It should be noted that Plaintiff previously attempted to make the same argument before Puerto Rico Court of First Instance, the Puerto Rico Court of Appeals, and the Puerto Rico Supreme Court, to no avail. The Plaintiff seeks damages in the return of the Property, the fair market value of the Property, punitive damages, among other damages. [Dkt. No. 1]. The Plaintiff further alleges that the Defendant and his co-defendants violated the discharge injunction and committed fraud by foreclosing on the abandoned Property. [Dkt. No. 1].

Defendant responds to the verified complaint by filing a motion to dismiss. [Dkt. No. 11]. In his motion to dismiss, Defendant requests the dismissal of the matter at hand on the grounds of res judicata/collateral estoppel and lack of jurisdiction. [Dkt No. 11]. Defendant further requests that sanctions be imposed on the Plaintiff for his alleged temerity and recklessness in the handling of this litigation. [Dkt No. 11]. Plaintiff responds to Defendant's motion to dismiss by stating that: (1) the process of abandonment gave Defendant carte blanche to allegedly violate the discharge order; and (2) the dismissal of the previous adversary proceeding does not

3

constitute res judicata based upon Fed. R. Civ. P. 41(b). For the following reasons, this Court not only agrees with the Defendant, but believes that the matter should be dismissed in its entirety.

**II.      Legal Analysis**

**1. Defendant's Res Judicata Affirmative Defense**

In his motion to dismiss, Defendant first claims the res judicata affirmative defense as a bar to Plaintiff's claims. It is well accepted that "an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003) (citing Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir.2001); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir.1998); Kale v. Combined Ins. Co., 924 F.2d 1161, 1165 (1st Cir.1991)). The affirmative defense of res judicata is no exception. Id. Even without a motion, "a court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent with the res judicata policy of avoiding judicial waste." Id. (citing Bezanson v. Bayside Enterps., Inc., 922 F.2d 895, 904 (1st Cir.1990)).

The doctrine of res judicata stands for the proposition that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994) (citing Allen v. McCurry, 449 U.S. 90, 94, (1980)). Accordingly, res judicata requires "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Id.

In the present case, Plaintiff argues that there was no final judgment in the previous adversary proceeding, and this Court agrees. Plaintiff argues that dismissal of the previous

4

adversary proceeding does not constitute res judicata due to Fed. R. Civ. P. 41(b). Said rule states the following:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--*except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41 (emphasis added). In addition, "dismissal of an action for lack of jurisdiction is not considered to be on the merits and lacks preclusive effect." Ticket Ctr., Inc. v. Banco Pop. de Puerto Rico, CIV04-2062GAG/BJM, 2008 WL 859275, at *3 (D.P.R. Mar. 28, 2008). It is uncontested that Plaintiff's prior adversary proceeding was dismissed for lack of jurisdiction. [Adversary Proceeding Case No. 15-00105, Dkt. Nos. 24 & 26]. As such, there has not been a final judgment on the merits in an earlier suit. Therefore, this Court ends its inquiry and DENIES Defendant's res judicata allegations, as Defendant fails to prove the first requirement of said affirmative defense.

**2. Defendant's Motion to Dismiss for Lack of Jurisdiction**

**a. Standard of Review from Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(1) to adversary proceedings. Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) are subject to the same standard of review. Grillasca-Palou v. U.S. Postal Serv., 573 F. Supp. 2d 493, 494 (D.P.R. 2008). Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362 (1st Cir.2001). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating

5

the existence of federal jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir.1995). When deciding whether to dismiss a complaint for lack of jurisdiction, the Court "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in this case." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir.1996). "Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable." Grillasca-Palou, 573 F. Supp. 2d at 494. Furthermore, the court "accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor." Grillasca-Palou, 573 F. Supp. 2d at 495 (citing Correa–Martinez v. Arrillaga–Belendez, 903 F.2d 49, 51 (1st Cir.1990)). However, in an opposition to a motion to dismiss, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir.1991). The court will not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" in the plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996). Furthermore, "a court *sua sponte* must always take note of its own lack of jurisdiction." Morales Pabon v. Morovis Community Health Ctr., Inc., 310 F. Supp. 2d 411, 417 (D.P.R. 2004) (citing Marquez v. Aviles, 252 F.2d 715 at 718 (1st Cir.1958); Hadge v. Second Federal Sav. & Loan Assn. of Boston, 409 F.2d 1254 (1st Cir.1969) (dismissing complaint *sua sponte* for lack of subject matter jurisdiction)). As such, a court's "*sua sponte* dismissal of a complaint is appropriate where the complaint is frivolous on its face." Id.

### b. Legal Analysis of Defendant's Motion to Dismiss for Lack of Jurisdiction

Defendant argues that the court lacks jurisdiction to grant the relief requested by the Plaintiff, and this Court agrees. The Property at issue is no longer the Plaintiff's property, and this Court lost its jurisdiction over the Property when the title transferred to the Defendant. On

6

May 16, 2014, the Chapter 7 Trustee filed the Notice of Abandonment [Lead Case No. 14-03043, Dkt. No. 14] whereby the Trustee abandoned the Property at issue. Said notice of abandonment went unopposed. Pursuant to 11 U.S.C. § 554, "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554. Furthermore, PR LBR 6007-1(b) states: "[t]he abandonment will be considered uncontested if no objection to a notice of intent to abandon is filed within fourteen (14) days of the mailing of the notice of abandonment." PR LBR 6007-1. Upon abandonment, "property [is removed] from the bankruptcy estate and [property is returned] to the debtor as though no bankruptcy occurred." In re Pilz Compact Disc, Inc., 229 B.R. 630, 638 (Bankr. E.D. Pa. 1999).

While the abandonment removed the Property at issue from the bankruptcy estate, the abandonment had "no effect upon the bankruptcy court's . . . jurisdiction of the debtor's property." In re Ramos, 498 B.R. 401, 404 (Bankr. App. 1st Cir. 2013). That all changed when the Property at issue ceased to be the "debtor's property." In Puerto Rico, "a sale of real property is consummated and perfected by the delivery of the property to the purchaser and by the execution of a public deed in its favor." In re Martinez Ortiz, 306 B.R. 727, 732 (Bankr. D.P.R. 2004) (citations omitted). "[T]itle of the property is transferred to the purchaser when the deed of judicial sale is executed." Id. The Plaintiff has failed to allege facts evidencing that the Property at issue was not successfully transferred to the Defendant. Furthermore, this Court notes that the Puerto Rico Court of First Instance, the Puerto Rico Court of Appeals, and the Puerto Rico Supreme Court have all affirmed the judicial sale of the Property at issue. [Dkt. No. 28]. Based on the facts presented, the Debtor no longer has an interest in the Property, and thus the

7

court has no jurisdiction to entertain the relief requested regarding said Property. Therefore, as to the claim to recover the Property at issue, this Court GRANTS Defendant's motion to dismiss said claim. Furthermore, as this Court lacks jurisdiction to entertain the relief requested over the Property, Plaintiff's claim to recover the Property at issue is DISMISSED against all of the defendants.

### c. *Sua Sponte* **Dismissal**

The Plaintiff further alleges that the Defendants and his co-defendants violated the discharge injunction and committed fraud by foreclosing on the abandoned Property at issue. [Dkt No. 1]. After further review, this Court *sua sponte* dismisses these claims against all of the defendants.

The First Circuit Court of Appeals has ruled that "*pro se* and *in forma pauperis* complaints should not be summarily dismissed . . . without first providing notice and an opportunity to respond, unless the claim was based on an indisputably meritless legal theory or factual allegations that are clearly baseless." Dias v. Vose, 960 F.2d 143 (1st Cir. 1992). Specifically, these dismissals are authorized only where "the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This Court holds that Plaintiff's claims of fraud and the violation of the discharge injunction are frivolous.

On September 17, 2014, the Plaintiff was granted a discharge under section 727 of the Bankruptcy Code. [Lead Case No. 14-03043, Dkt. No. 25]. "Under § 524(a)(2), a discharge operates as an injunction against *the enforcement of any discharged debt as a personal liability*

8

*of the debtor.*" In re Whitman-Nieves, 519 B.R. 1, 10 (Bankr. D.P.R. 2014) (emphasis added). After the Property's abandonment and the entering of the discharge order, Defendant successfully foreclosed on and bought the Property at issue through a judicial sale. As previously noted, the Puerto Rico Court of First Instance, the Puerto Rico Court of Appeals, and the Puerto Rico Supreme Court have all affirmed said judicial sale. Plaintiff has never alleged that the defendants attempted to collect any discharged debt; he solely alleges that the defendants foreclosed on the Property at issue, and fails to allege that the defendants enforced discharged debt as the Plaintiff's personal liability. Therefore, this Court *sua sponte* DISMISSES the claim of violation of the discharge injunction against all of the defendants.

Finally, Plaintiff alleges that the defendants committed fraud in the foreclosure and judicial sale of the property at issue. Fed. R. Civ. P. 9, incorporated via Fed. R. Bankr. P. 7009, requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (1st Cir. 2009). "In substance, this means that a party alleging fraud should specify the 'who, what, when, where, and how' of the alleged fraud." In re Think3, Inc., 529 B.R. 147, 197 (Bankr. W.D. Tex. 2015). Simply put, "[c]onclusory allegations are not sufficient." Gagne, 565 F.3d at 45. This Court holds that the Plaintiff's conclusory fraud allegations fails to meet the aforementioned heightened pleading standard. As such, this Court *sua sponte* DISMISSES the fraud claim against all of the defendants.

**3. Defendant's Motion for Sanctions**

Lastly, Defendant requests the court sanction Plaintiff for his alleged temerity and reckleness. Fed. R. Bankr. P. 9011 allows Bankruptcy Judges to impose sanctions for

9

unwarranted and frivolous claims. Fed. R. Bankr. P. 9011. The purpose of Fed. R. Bankr. P. 9011 is to "deter baseless filings in bankruptcy court and thus avoid unnecessary judicial effort, the goal being to make proceedings . . . more expeditious and less expensive." Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9011.01 (16th ed. 2014). "The rule imposes sanctions on persons violating the rule, and, it is hoped, will act to deter future conduct of the same nature." Id. In this case, the imposition of sanctions against the Plaintiff in his individual capacity is appropriate since the Plaintiff has filed numerous *pro se* pleadings attempting to re-litigate an issue that had already been decided by the state courts in addition to filing frivolous claims. Appropriate sanctions consist of a bar to filing any adversary proceeding without court approval in the above captioned bankruptcy case, numbered 14-03043, for one (1) year.

**III.    Conclusion**

WHEREFORE, IT IS ORDERED that Motion to Dismiss filed by Defendant shall be, and it hereby is, GRANTED.

IT IS FURTHER ORDERED that Entry of Default [Dkt. No. 39] and Entry of Default [Dkt. No. 40] are set aside.

IT IS FURTHER ORDERED that the case is DISMISSED against all defendants.

IT IS FURTHER ORDERED that Plaintiff is barred from filing any adversary proceeding without court approval in the above captioned bankruptcy case, numbered 14-03043, for one (1) year.

In San Juan, Puerto Rico this 3rd day of December, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

11